91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley Mark COHEN, Petitioner-Appellant,
v.
Larry WITEK, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-56243.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 1
 Before: NOONAN, LEAVY, and TASHIMA Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Stanley Mark Cohen, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for failure to exhaust state remedies. Cohen is serving an eight-year sentence for grand theft. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.
 
 
 4
 A habeas corpus petition should generally be dismissed if the petitioner fails to exhaust available state remedies. Duncan v. Henry, 115 S.Ct. 887, 888 (1995); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir.1996).
 
 
 5
 Cohen claims that his sentence was illegally lengthened by ninety days on the ground that he violated a restraining order by mailing legal papers to his ex-wife and co-debtor in bankruptcy. At the time this proceeding was before the district court, there was no evidence presented that Cohen had exhausted state remedies before the Supreme Court of California. We, therefore, affirm the district court's dismissal of this petition. See Duncan, 115 S.Ct. at 888; Crotts, 73 F.3d at 865.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Cohen's request for oral argument is therefore denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the dismissal of the petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal